## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

JOSE CESAR CAMACHO,           )
                                    )

                **Plaintiff,**    )    **Case No.**  2:17-cv-2515

                                      )

**v.**                                )    **Removed From:**

**C.H. GUENTHER AND SON, INC.,**    )    **Circuit Court of Wyandotte County, Kansas**

                            )    **Case No. 17cv630**

                **Defendant.**    )

                                      )

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1332, 1441(a)-(b), and 1446, Defendant C.H. Guenther & Son, Inc. ("Defendant") appears in the above-captioned action for the purpose of removing to the United States District Court for the District of Kansas the action styled *Jose Cesar Camacho v. C.H. Guenther and Son, Inc.*, Case No. 17-cv-630, currently pending in the District Court of Wyandotte County, Kansas.[1]   Defendant removes this case on grounds of federal question jurisdiction because, although Petitioner Jose Cesar Camacho's ("Petitioner") precise claim is unclear, he appears to seek federal mandamus relief under 28 U.S.C. § 1651.[2]  In support of its Notice of Removal, Defendant states as follows:

1.     Petitioner commenced the above-captioned lawsuit in the District Court of Wyandotte County, Kansas on July 31, 2017, by filing his Writ of Mandamus to Compel Writ of Prohibition ("Writ of Mandamus") in the action styled *Jose Cesar Camacho v. C.H. Guenther and Son, Inc.*, Case No. 17-cv-630, against Defendant.

---

[1]    In filing this removal, Defendant does not waive any right to challenge the sufficiently of Plaintiff's pleading titled "Writ of Mandamus to Compel 'C.H. Guenther and Sons, Inc.' Comply with Discovery Device."

[2]    Specifically, Plaintiff states, "This employer is cooperating and sending wages in response to a defective income withholding order from a child support agency and is illegal for failure to comply with the United States Constitution under the 4th Amendment."

2.      On August 7, 2017, Defendant received a copy of the Writ of Mandamus to Compel "C.H. Guenther and Son, Inc." Comply with Discovery Device" via certified mail.

3.      Defendant has attached a copy of the District Court file in this case as **Exhibit A**.

4.      Petitioner's only pleading sets forth numerous allegations under/references to 28 U.S.C. § 1651 (2 times), 18 U.S.C. § 241 & 242, Fed. R. Civ. P. 33 (3 times), 15 U.S.C. § 1671, 303(b)(1)(A) (3 times), 28 U.S.C. § 1691, 45 CFR 32 (3 times), 45 CFR 32.6 (10 times), 45 CFR 32.7, 45 CFR 32.12, 45 CFR 32.15, *Scheuer v. Rhodes*, 416 U.S. 232, 235-249 (1974) (3 times), *Coppage v. Kansas*, 236 U.S. 1 (1915) (4 times), 4th Amendment to the U.S. Constitution (13 times), 5th Amendment to the U.S. Constitution (2 times), 11th Amendment to the U.S. Constitution, 14th Amendment to the U.S. Constitution (5 times), and the U.S. Constitution/Bill of Rights (7 times).  *See* Writ of Mandamus.

5.      Under 28 U.S.C. §§ 1441 and 1446, this case may be properly removed to this Court at any time within thirty (30) days of Defendant's receipt, through service or otherwise, of a copy of the initial pleading setting forth the claims for relief upon which the action is based. Defendant's removal of this action is timely based upon the date of service of Petitioner's Writ of Mandamus to Compel "C.H. Guenther and Son, Inc." to Comply with Discovery Device.

<u>**FEDERAL QUESTION JURISDICTION**</u>

6.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 by reason of Petitioner having asserted causes of action and/or requests for relief arising under federal law (see ¶ 4 above).

7.      To the extent Petitioner alleges any claims or requests relief under state law, this Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 because any state law claim is related to the federal law claims so that they form part of the same case or controversy.  Indeed, while Defendant is unsure of Petitioner's precise claim(s), it

2

appears Petitioner's allegations all arise out of the same nucleus of operative facts: Defendant's compliance with an Income Withholding Order, which required Defendant to garnish Petitioner's wages related to the payment of child support.  Furthermore, supplemental jurisdiction over any of Petitioner's state law claim(s) is proper under 28 U.S.C. § 1367 because, to the extent Petitioner event asserts state law claims, they do not raise novel or complex issues of state law or predominate over the federal law claims and there are no other compelling reasons at this time to decline jurisdiction.

8.      In summary, the Court has jurisdiction over this action because the Petitioner has set forth various allegations under U.S. Code 28 § 1651 (2 times), 18 U.S.C. § 241 & 242, Fed. R. Civ. P. 33 (3 times), 15 U.S.C. § 1671, 303(b)(1)(A) (3 times), 28 U.S.C. § 1691, 45 CFR 32 (3 times), 45 CFR 32.6 (10 times), 45 CFR 32.7, 45 CFR 32.12, 45 CFR 32.15, *Scheuer v. Rhodes*, 416 U.S. 232, 235-249 (1974) (3 times), *Coppage v. Kansas*, 236 U.S. 1 (1915) (4 times), 4th Amendment of the U.S. Constitution (13 times), 5th Amendment of the U.S. Constitution (2 times), 11th Amendment of the U.S. Constitution, 14th Amendment of the U.S. Constitution (5 times), U.S. Constitution/Bill of Rights (7 times) and, potentially, a claim under state law over which the Court has supplemental jurisdiction.  Removal is therefore proper pursuant to 28 U.S.C. §§ 1331 and 1367.

9.      To the extent Petitioner asserts any state-law claims, the Court has supplemental jurisdiction over those claims under 28 U.S.C. § 1367.

## CONCLUSION

Defendant properly removes this lawsuit to federal court pursuant to 28 U.S.C. §§ 1331, 1332, 1441(a)-(b), and 1446 because Petitioner has asserted claims that are preempted by federal law.

3

Pursuant to 28 U.S.C. § 1446(d), promptly upon filing this Notice of Removal, Defendant will give written notice to Petitioner and will file a copy of this Notice of Removal with the Clerk of the District Court of Wyandotte County, Kansas.

WHEREFORE, Defendant respectfully requests that the Court assume control over this action, as this action is properly removed.

Respectfully submitted,

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

/s/ AnnRene S. Braun

Michael L. Matula      KS 18138
AnnRene S. Braun      KS 27152
4520 Main Street, Suite 400
Kansas City, MO 64111
(816) 471-1301
(816) 471-1303 *(Facsimile)*
michael.matula@ogletree.com
annrene.braun@ogletree.com

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

The undersigned certifies that on this 5th day of September, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and mailed a copy via U.S. Mail to the following:

Jose Cesar Camacho
2320 W. 47th Ave., #6
Kansas City, KS 66103

**PETITIONER PRO SE**

/s/ AnnRene S. Braun
**ATTORNEY FOR DEFENDANT**

30979649.1

4