### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **JOSE CESAR CAMACHO,**<br><br>　　　　**Plaintiff,**<br><br>v.<br><br>**C.H. GUENTHER AND SON, INC. and FIDELITY INVESTMENTS,**<br><br>　　　　**Defendants.** | Case No. 17-2515-DDC-GEB |

### MEMORANDUM AND ORDER

Defendants C.H. Guenther and Son, Inc. ("C.H. Guenther") and Fidelity Investments[1] ("Fidelity") filed a Notice of Removal on September 5, 2017, removing this action from the District Court of Wyandotte County, Kansas. Docs. 1 at 1 & 1-1, Doc. 6. Defendants describe the state court action as one seeking "federal mandamus relief under 28 U.S.C. § 1651." Doc. 1 at 1. According to that Petition filed in state court, plaintiff Jose Cesar Camacho seeks a writ of mandamus to compel defendants to answer interrogatories. The Petition also asserts that he served these interrogatories under Federal Rule of Civil Procedure 33. Doc. 1-1 at 10, 25. These interrogatories ask defendants to produce a valid warrant authorizing them to seize plaintiff's wages and other assets in connection with child support payments. *Id.* Without a warrant, plaintiff argues, defendants are seizing his property in violation of the Fourth Amendment. *Id.*

One week after filing the Notice of Removal, defendant C.H. Guenther filed a Motion to Dismiss. *See* Docs. 1, 8. This motion asserts that our court lacks subject matter jurisdiction over the case that C.H. Guenther—along with Fidelity—removed to federal court. Doc. 9 at 1. The

---

[1]　　Plaintiff has named this defendant incorrectly as a single entity named "Fidelity Investments." *See* Doc. 1-1 at 25. The defendant explained that it is actually two entities: "Fidelity Brokerage Services, LLC" and "National Financial Services, LLC." Doc. 12 at 1 n.1. For simplicity, the court refers to these two entities collectively as "Fidelity."

next day, the court issued a show cause order, ordering the parties to show cause, in writing, why it should not remand this case back to state court. Doc. 10. Defendants responded one week later, asking the court to dismiss the case rather than remand it. Doc. 13 (Fidelity's response) at 2; *see also* Doc. 14 at 1 (C.H. Guenther's response) (adopting Fidelity's response in full). That same day, Fidelity filed its own Motion to Dismiss, arguing that (1) the court lacked subject matter jurisdiction, (2) the Petition failed to state a claim for relief, and (3) the contract between Fidelity and plaintiff required them to arbitrate disputes with one another. Nearly a month later, plaintiff responded, largely reasserting the claims he made in his Petition. *See* Doc. 15.

A defendant in a state court civil action may remove the case to federal court if the plaintiff originally could have filed the action in federal court. 28 U.S.C. § 1441(a); *see also Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant."). "'This jurisdictional prerequisite to removal is an absolute, non-waivable requirement.'" *Hunt v. Lamb*, 427 F.3d 725, 726 (10th Cir. 2005) (quoting *Brown v. Francis*, 75 F.3d 860, 864 (3d Cir. 1996)). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

The court recognizes that it must construe plaintiff's filings liberally because he proceeds pro se. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Yet, even under the most liberal construction it can muster, the court cannot decipher any basis for this court to have subject matter jurisdiction over the claims asserted by plaintiff's state court filings. So, the court must remand this action back to state court.

Federal courts have original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. This is commonly called federal question jurisdiction. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006).

Here, plaintiff has filed something he calls "Notices to Court of a Writ of Mandamus" that seeks, it appears, to compel defendants to comply with plaintiff's interrogatories. Doc. 1-1 at 10, 25. Construing plaintiff's "writs" liberally, plaintiff appears to assert that 28 U.S.C. § 1651 gives the court authority to compel defendants to comply with Fed. R. Civ. P. 33 and answer his interrogatories. Doc. 1-1 at 11–12; 25–26. This is not a right plaintiff can assert. *See McKenzie v. U.S. Citizenship & Immigration Servs., Dist. Dir.*, 761 F.3d 1149, 1156–57 (10th Cir. 2014) (holding that no federal question jurisdiction existed when plaintiff asserted a right under a federal statute that did not create a private right of action). A party can serve interrogatories under Rule 33 only if he has commenced a civil lawsuit in federal court. *See* Fed. R. Civ. P. 1 ("These rules govern the procedure in all civil actions and proceedings in the United States district courts . . . ."). Since plaintiff filed no civil action before he served his interrogatories, plaintiff cannot serve them under the banner of the Federal Rules of Civil Procedure.

Nor does Title 28 U.S.C. § 1651 confer subject matter jurisdiction on this court. *See United States v. Denedo*, 556 U.S. 904, 913 (2009) ("[T]he All Writs Act and the extraordinary relief the statute authorizes are not a source of subject-matter jurisdiction."). Instead, a district court can issue writs of mandamus only to aid its jurisdiction. 28 U.S.C. § 1651. Since the underlying controversy pleaded by plaintiff's Petition does not provide a basis for subject matter to exist, a writ cannot aid the court's non-existent jurisdiction. Plaintiff's filing in state court presents no federal controversy.

In Fidelity's response to the court's Show Cause Order—which C.H. Guenther adopts, *see* Doc. 14—Fidelity argues that the court should dismiss this case on the merits instead of remanding it because a state court would dismiss this case inevitably, citing *Advocates for Individuals with Disabilities Foundation Inc. v. Russell Enterprises Inc.*, No. CV-16-2380-PHX-JAT, 2016 WL 7187931 (D. Ariz. Dec. 12, 2016). Doc. 13 at 2. *Russell* does not assist defendants' request. In *Russell,* plaintiff had filed an action in Arizona state court, alleging violations of the Americans with Disabilities Act ("ADA") and Arizona's state law equivalent of the ADA. *Id.* at *1. Defendant then removed the case to federal court. *Id.* Once in federal court, defendant moved to dismiss the case for lack of subject matter jurisdiction or, alternatively, for failing to state a claim. *Id.* Defendant argued that the federal court lacked subject matter jurisdiction because the plaintiff had no standing to bring either claim. *Id.* Plaintiff acknowledged that it lacked standing, but argued that the court should remand the case, rather than dismissing it. *Id.* Defendant argued that the court should not remand the case, and instead dismiss the case, because the state court would dismiss the case inevitably. *Id.*

The court remanded the state law claim but dismissed the federal claim. *Id.* at *2–3. The court explained that Arizona state courts generally apply the same standing principles as federal courts, but allow plaintiffs to proceed without Article III standing in certain circumstances. *Id.* at *2. The court concluded that the Arizona state court should decide whether it would waive the standing requirement for plaintiff's state law claim. *Id.* at *3. But the court dismissed the federal law claim because the court concluded that a state court could not entertain a federal claim that a federal court could not hear because the plaintiff lacked Article III standing. *Id.*

4

Here, the Petition alleges no federal controversy. So, like *Russell*, the court must allow a state court to decide whether this Petition states a claim under state law. *See id.* at *3 (remanding a state law claim so that a state court could decide if it would waive standing requirements).

Defendants also cite *Wolff v. United States*, 76 F. App'x 867, 870 (10th Cir. 2003), as an example that the Tenth Circuit has approved dismissing a removed case rather than remanding it. Doc. 13 at 4. But in *Wolff*, the Circuit held that the district court lacked subject matter jurisdiction because the United States' sovereign immunity barred the suit. 76 F. App'x at 869. And because sovereign immunity barred the suit against the United States no matter where it was filed, the Circuit affirmed the district court's decision to dismiss the case. *Id.* Since sovereign immunity protects neither defendant here, *Wolff* does not apply.

In sum, the court concludes it has no subject matter jurisdiction over this matter. So, the court follows § 1447(c)'s mandate and remands the case back to state court.

**IT IS THEREFORE ORDERED BY THE COURT THAT** this case is remanded to state court. All other pending motions are denied as moot.

**IT IS SO ORDERED.**

**Dated this 19th day of April, 2018, at Topeka, Kansas.**

>                              s/ Daniel D. Crabtree
>                              **Daniel D. Crabtree**
>                              **United States District Judge**